UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACOBO DOMINGUEZ, et al., | ) | Case No. 1:11 CV 2443 |
| | ) | |
| Plaintiffs, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **and** |
| ACRUX STAFFING, et al., | ) | **ORDER OF REMAND** |
| | ) | |
| Defendants. | ) | |

On October 3, 2011, Plaintiffs Jacobo, Manuela and Jason Dominguez, all Texas residents, filed this action against Defendants Acrux Staffing, a George citizen, and Resource Reclamation Toledo, LLC ("Resource Reclamation"), an Ohio citizen, in the Court of Common Pleas, Cuyahoga County, Ohio under Case No. CV 11 765752. (Doc #: 1-1.) Plaintiffs allege various Ohio state common-law and statutory claims arising from injuries Jacobo Dominguez allegedly suffered when performing maintenance on a conveyor belt at Resource Reclamation's recycling facility in Toledo, Ohio. (Id.)

On November 10, 2011, Resource Reclamation timely removed the case to federal court based on diversity jurisdiction. (Doc #: 1 ¶ 9.)

On December 12, 2011, Plaintiffs filed a Motion to Remand ("Motion"). (Doc #: 5.) Plaintiffs argue therein that the Court lacks subject matter jurisdiction over the complaint under the "forum defendant rule." (Id. at 2 (citing 28 U.S.C. § 1441(b) and *Capps v. Weflen*, 690 F.Supp.2d 885, 887 (D.N.D. 2010).)

Under 28 U.S.C. § 1441(b), any civil action of which the district courts have original jurisdiction founded on a federal question "may be removed without regard to the citizenship or residence of the parties." Id. However, any such other action over which the district courts have original jurisdiction (e.g., cases removed based on diversity jurisdiction) "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). "Referred to as the forum defendant rule, § 1441(b) prohibits removal if the defendant is a citizen of the state in which the suit was filed." *NFC Acquisition, LLC v. Comerica Bank*, 640 F.Supp.2d 964, 968 (N.D. Ohio 2009) (citing *Geffen v. Gen. Elec. Co.*, 575 F.Supp.2d 865, 869 (N.D. Ohio 2008)). "This rule reflects the belief that even if diversity exists, a forum defendant – a defendant who is a citizen of the state in which it is sued – has no reason to fear state court prejudice." *Id*. (citing *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)). Because Defendant Resource Reclamation is a citizen of Ohio, it is clear that it improperly removed the case to federal court.

Thus, after reviewing the Motion and the record, the Court held a teleconference with counsel for Plaintiffs and counsel for Resource Reclamation to discuss subject matter jurisdiction and the propriety of removal.[1] As a result of discussions, the parties agreed that remand was appropriate.

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion to Remand (**Doc #: 5**). The Court directs the Clerk of Court to remand this case to the state court from which it was removed.

---

[1] Plaintiff's counsel represented that he had not yet served a copy of the complaint on Defendant Acrux Staffing.

**IT IS SO ORDERED.**

                                          */s/ Dan A. Polster     December 14, 2011*
                                          **Dan Aaron Polster**
                                          **United States District Judge**